**MIAMI HEALTH STUDIOS, INC., et al., Plaintiffs-Appellees,**

v.

**The CITY OF MIAMI BEACH etc., et al., Defendants-Appellants.**

No. 73–1485.

United States Court of Appeals, Fifth Circuit.

March 15, 1974.

Rehearing Denied April 8, 1974.

Leonard Rivkind, Miami Beach, Fla., for defendants-appellants.

Paul F. Gerson, Miami Beach, Fla., for plaintiffs-appellees.

Before WISDOM, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

This suit was filed on December 5, 1972, by Miami Health Studios, Inc. and others against the City of Miami Beach, its Chief of Police and the State Attorney for Dade County, Florida, and as amended sought a declaratory judgment to have the district court hold unconstitutional Florida Statute 796.07 prohibiting prostitution, etc., including subsection (1)(b) thereof pertaining to the definition: "The term 'lewdness' shall be construed to include any indecent or obscene act." Plaintiffs requested service of the complaint on the Governor and Attorney General of Florida, in their statutory capacities, as required by 28 U.S.C. § 2284(2). The complaint grew out of a number of arrests and criminal prosecutions filed in the Florida state courts against employees of plaintiff who were alleged to be engaged in indecent sexual activity for compensation with patrons of the plaintiff massage parlor. All of these pending state prosecutions were filed prior to the present suit. These Florida state criminal proceedings are pending and have been held in abeyance awaiting outcome of this suit.

Plaintiffs also requested a temporary restraining order against defendants, and the court set a hearing on the request for December 8, 1972, three days after the suit was filed. At the hearing a stipulation was made by the parties that the court's ruling would be only on the facial constitutionality of the Florida statute. The request for injunction and damages was then withdrawn.[1]

---

1. At that time the trial judge stated orally in open court, in pertinent part:

But at this hearing all I am holding is that the statute as written on its face

Nevertheless, when the judgment was handed down, the district court not only held the statute unconstitutional on its face, but also that defendants were guilty of bad faith harassment of plaintiffs.

Appellants deny the unconstitutionality of the Florida statute and strenuously urge that they were denied due process of law in a hearing which was held only three days after suit was filed and only two days after notice; that had the court not limited the scope of the oral testimony by its statement that a ruling would be made only on the facial constitutionality of the statute, additional testimony and evidence would have been presented by them, especially on the issue of bad faith harassment.

Appellants contend that the record is inadequate to show all of the evidence which the court should consider in making a determination on the issue of bad faith harassment. They also contend that it was error for the court to deny the Attorney General and Governor of Florida an opportunity to be heard, and especially to deny the motion of the Attorney General to intervene under Rule 24, Fed.R.Civ.P., in these proceedings. The record does not indicate when the Governor and Attorney General were served with a copy of the complaint, but it does show that the motion of the Attorney General to intervene was filed on December 21, 1972 and denied by the court as "moot" as a part of the court's final judgment on December 26, 1972.

In his motion to intervene the Attorney General of Florida alleged in part as follows:

## II.

The constitutionality of certain sections of Chapter 796, *supra,* regarding prostitution, solicitation, etc., must be defended if at all by the Attorney General of the State of Florida since it is a State statute and the only means by which the State of Florida may control activity deemed harmful and deleterious to the public interest and welfare. See Section 16.01, *supra.*

## III.

The obvious interest of the people of the State of Florida, by the [sic] through their Attorney General, lies in the undeniable fact that questions of law have already risen, are being and are likely to be amplified regarding prostitution, lewdness, assignation, solicitation, and enticement or procurement to commit prostitution, and the maintenance of places for the purpose of prostitution, lewdness or assignation. As a consequence thereof, the Attorney General of Florida seeking leave of this Court to intervene as a proper party is based upon the obligation of the Attorney General to resolve those questions with the aid of this Court in a manner consistent with law, good morals, and due process.

■■■ The circumstances and the acceleration of the abbreviated hearing held by the trial court indicate that a full hearing on the bad faith harassment issue is required. The Attorney General of Florida should have been permitted to intervene as he requested, and to be heard and participate. The parties must, therefore, have an opportunity to file responsive pleadings and to have a trial date set with reasonable notice. They should also have an opportunity to assert as a defense to the suit the possible abstention of the court without its passing on the alleged unconstitutionality of the Florida statute. Whether such unconstitutionality should be urged in the pending Florida state court criminal proceedings rather than in the federal court under the doctrine of

is vague, indefinite, and does not contain ascertainable standards of conduct by which a person of ordinary intelligence would be aware of the fact he was violating the law.

Will you prepare me a decree and send it to me, please?

Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), must be fully considered.

The order of the district court herein, therefore, is vacated and the case remanded for further proceedings. Accordingly, we do not reach the issue of facial constitutionality of the Florida statute.

Vacated and remanded.