Michael HORVATH et al.,
Plaintiffs-Appellants,
v.

CITY OF CHICAGO et al.,
Defendants-Appellees.*

No. 75–1181.

United States Court of Appeals,
Seventh Circuit.

Argued April 18, 1975.

Decided May 16, 1975.

Rehearing and Rehearing En Banc
Denied June 30, 1975.

George C. Pontikes, Michael B. Cohen, Chicago, Ill., for plaintiffs-appellants.

William R. Quinlan, Acting Corp. Counsel, and Richard F. Friedman, Asst. Corp. Counsel, Chicago, Ill., for defendants-appellees.

Before SWYGERT, PELL and STEVENS, Circuit Judges.

STEVENS, Circuit Judge.

Plaintiffs are operators of massage parlors in which nude, or partially nude, female employees masturbate male patrons. Defendants have threatened to commence civil proceedings in the Illinois courts to enjoin these business practices as a nuisance prohibited by § 192.1 of the Municipal Code of the City of Chicago.[1] Plaintiffs commenced this federal action seeking a declaratory judgment that § 192.1 is unconstitutionally "vague and overbroad," and an injunction against its enforcement against them. This appeal is from the district court's denial of a preliminary injunction. We affirm.

This is the second of two federal cases involving the application of § 192.1 to massage parlors. Relief was denied in the first case because state criminal proceedings had previously been commenced against the plaintiffs in that case; relying on Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, the district judge held that the federal issues should

---

* **Editor's Note:** The opinion of the Court of Appeals, Ninth Circuit, in U. S. v. Sherwin, published in the advance sheets at this citation (510 F.2d 594), was withdrawn at request of the Court, on grant of an en banc hearing.

1. "Every house of ill-fame or house of assignation where men and women resort for the purpose of fornication, prostitution, or lewdness is hereby declared to be a nuisance. . . . No person shall patronize, frequent, be found in, or be an inmate of any such house or place used for any of the purposes set forth in this section."

be decided in the pending state cases.[2] In the second case, the district judge also refused to address the merits even though no state litigation was pending against most of the plaintiffs when their federal action was commenced.[3] Plaintiffs correctly point out that neither Younger v. Harris, *supra*, nor Huffman v. Pursue, Ltd., —— U.S. ——, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), is direct authority for that refusal, and that Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505, indicates that at least with respect to the prayer for declaratory relief on behalf of the plaintiffs who had not yet been made parties to the state litigation, the district court might have entertained the federal claim. Nevertheless, we are satisfied that he correctly refused to grant plaintiffs any federal relief.

Plaintiffs do not claim that they are engaged in any constitutionally protected activity. Nor do they assert any First Amendment objection to the validi-

ty of the ordinance. This, therefore, is not a case in which we need to consider the asserted overbreadth of the ordinance because of its possible application to persons or conduct not before the court. *See* Broadrick v. Oklahoma, 413 U.S. 601, 611–616, 93 S.Ct. 2908, 37 L.Ed.2d 830; United States v. Ramsey, 503 F.2d 524, 526–527 (7th Cir. 1974). Plaintiffs may only challenge the constitutionality of applying § 192.1 to their own conduct, and this they have not done.[4]

Their attack on the ordinance may fairly be characterized as procedural rather than substantive in character. For they do not question the state's power to regulate or prohibit their conduct. Their claim that § 192.1 is unconstitutionally vague rests on the due process requirement that a citizen must be given fair notice that his conduct is proscribed before it may provide a basis for punishment.[5] In our opinion, this vagueness

---

**2.** *See* Memorandum Opinion and Order filed by Judge McGarr on January 17, 1975, in Adam v. Rochford, Case No. 75 C 81, pending in the United States District Court for the Northern District of Illinois, Eastern Division.

**3.** In response to the plaintiffs' request for an immediate ruling, rather than an opportunity to submit the matter on written briefs, the district judge denied the motion for a temporary restraining order and a preliminary injunction "for the same reasons that I refused to do it in the other case. . . . I take cognizance of the evidence I heard in the companion case, and assume that in accordance with the allegations there is a complaint for injunction which has been handed up to me, 74 C 65 in the Circuit Court of Cook County, that the factual situation will be approximately the same as it was in the other case and on that basis I reach the same conclusion reached in the other case, that it was appropriate for the Federal Court to abstain and therefore, the motion for a preliminary injunction is denied." App. p. 30. A civil proceeding in the state court had been commenced against plaintiff Geraci with respect to another of his massage parlors, but no state litigation had been commenced against the other seven plaintiffs. Compare the facts stated in Steffel v. Thompson, 415 U.S. 452, 455–457, 94 S.Ct. 1209, 39 L.Ed.2d 505.

The City of Chicago was dismissed as a defendant on the basis of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, and City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct.

2222, 37 L.Ed.2d 109. No appeal has been taken from this dismissal.

**4.** It is critically important to note that in Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439, both Mr. Justice Rehnquist, for the majority and Mr. Justice Stewart, in dissent, rejected the court of appeals' conclusion that even if the defendant's own conduct was clearly prohibited, the void for vagueness doctrine conferred standing upon him to challenge the imprecision of the language of Articles 133 and 134 of the Uniform Code of Military Justice as they may have applied to hypothetical situations outside the area in which their meaning was clear. 417 U.S. at 755, 94 S.Ct. 2547. In his dissent, after noting that facially vague statutes may, of course, be saved from unconstitutionality by narrowing judicial construction, 417 U.S. at 777, 94 S.Ct. 2547, Mr. Justice Stewart concluded that, even as construed, the relevant articles were so vague that Levy could not reasonably have been aware "that *his* conduct was violative of Art. 134 . . . ." *Id.* at 785, 94 S.Ct. at 2576. Thus, for both the majority and the dissent the case turned on the adequacy of the notice with respect to the particular conduct of the defendant disclosed by the record. Since Mr. Justice Douglas' dissent was predicated on the view that Levy's utterances were protected by the First Amendment, his opinion did not reach this precise question.

**5.** "This Court has on more than one occasion invalidated statutes under the Due Process Clause of the Fifth or Fourteenth Amend-

challenge does not provide a proper basis for federal interference with state civil litigation which, if it is allowed to run its course, presumably will eliminate whatever ambiguity now exists with respect to the application of the ordinance to plaintiffs' commercial activities.

Historically, the "void for vagueness" doctrine was developed in criminal litigation.[6] It may also be applicable in cases involving civil penalties, such as discharge or other discipline of government employees, at least when the vagueness claim is buttressed by a First Amendment overbreadth attack.[7] Whether vagueness by itself may provide a sufficient basis for a federal challenge to a state's regulation of commercial activities is by no means clear; but if such a challenge is available, surely it would succeed in only the most extreme case.[8] For inevitably such regulation includes areas of ambiguity requiring clarification by judicial construction which must await the outcome of test litigation.

Therefore, even assuming that the vagueness objection is available to these plaintiffs, the language of § 192.1 surely gave them fair notice that the ordinance may well apply to their conduct. We do not believe § 192.1 is so utterly devoid of meaning as to contain no standard whatever by which a court may determine whether their businesses constitute a public nuisance.[9] We may assume with plaintiffs that there is a legitimate basis for arguing that male customers who pay a fee to have plaintiffs' female employees engage in the conduct described in the pleadings before us have not resorted to a house of assignation for the purpose of lewdness within the meaning of § 192.1.[10] But surely the contrary argument is not so frivolous that a federal court should interfere with orderly state civil procedures which will clarify the matter.[11]

Our resolution of this appeal is not dependent on our views about the probable outcome of the threatened state litigation. For however such litigation may

ment because they contained no standard whatever by which criminality could be ascertained, and the doctrine of these cases has subsequently acquired the shorthand description of 'void for vagueness.' Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); . . ." 417 U.S. at 755, 94 S.Ct. at 2561.

Speaking for the Court in United States v. Harriss, Chief Justice Warren explained:

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute." 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989.

6. See, e. g., the classic statement in Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888:

"No one may be required at peril of life, liberty or property to speculate as to the meaning of *penal statutes*." (Emphasis added.)

See also, e. g., the references to "criminal responsibility" in United States v. National Dairy Products Corp., 372 U.S. 29, 32–33, 83 S.Ct. 594, 9 L.Ed.2d 561, and in Parker v. Levy, n. 5, *supra*.

7. See Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15; Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830; Herzbrun v. Milwaukee County, 504 F.2d 1189 (7th Cir. 1974).

8. Even criminal statutes regulating economic affairs need not satisfy as strict a test of vagueness as other criminal prohibitions. See Parker v. Levy, 417 U.S. at 756–757, 94 S.Ct. 2547.

9. See Parker v. Levy, 417 U.S. at 755, 94 S.Ct. 2547.

10. For the purposes of our decision plaintiffs acknowledge that we should assume the truth of the allegations contained in paragraphs 8 and 11 of the complaint for injunction in the case entitled City of Chicago v. Cecola, No. 75 CH 1055, pending in the Circuit Court of Cook County. That complaint was attached to plaintiffs' emergency motion for injunction pending appeal in this court.

11. Miami Health Studios, Inc. v. City of Miami Beach, 353 F.Supp. 593 (S.D.Fla.1973), rev'd on other grounds, 491 F.2d 98 (5th Cir. 1974), on which plaintiffs rely, involved a criminal statute. The district court's opinion does not specifically describe the precise character of the conduct for which the plaintiffs were being prosecuted. Since that opinion was written before the Supreme Court's decision in Parker v. Levy, *supra*, it is not unlikely that the district court then shared the opinion of the Third Circuit that "the doctrine that an individual may not assert the vagueness of a statute unless it is vague as to him . . . is no longer in vogue." Levy v. Parker, 478 F.2d 772, 794 (3rd Cir. 1973). See n. 4, *supra*.

be decided, we find no justification for federal involvement in these disputes.

On the one hand, if Illinois ultimately decides that plaintiffs' conduct is not "lewd" and that their business operations are therefore entirely lawful, they will then have a completely adequate remedy in the Illinois courts. Any temporary interference with their business operations will merely be the consequence of a mistaken interpretation of Illinois law by an inferior Illinois court. Until such an error is corrected by the state's appellate process, the federal court would have no business substituting its interpretation of state law for that of the lower state court. For it is not our office, as federal judges, to prevent state courts from misconstruing their own laws.

On the other hand, the state courts may ultimately hold that plaintiffs' conduct is indeed lewd, and therefore proscribed. Since such a holding would eliminate the vagueness of which plaintiffs now complain, it would also remove the only arguable basis for federal involvement in this state matter. For clearly the federal Constitution does not require a state to allow its citizens to engage in constitutionally unprotected activities while civil litigation is in progress to determine the statutory legitimacy of such conduct.

The district court correctly denied plaintiffs' motion for a preliminary injunction.

Affirmed.

SWYGERT, Circuit Judge (concurring).

Although I agree that the district court's denial of a preliminary injunction should be affirmed, regretfully I cannot agree with some of the reasoning advanced by Judge Stevens in support of the affirmance.

As the majority holds, there are in this case no First Amendment problems. The only constitutional claim that is colorable embraces procedural due process, namely, that section 192.1 of the Municipal Code is so imprecisely drawn that no standards for measuring the proscribed activity are discernible from the language of the ordinance. Moreover, as the majority holds, correctly I believe, the question of vagueness cannot be raised by the plaintiffs on a hypothetical basis. The question can be asserted only with respect to their own conduct; on that score the plaintiffs are not claiming that their conduct does not come within the definition of lewdness (regardless of what meaning the term may have in other factual contexts). It seems to me that these holdings are sufficient to warrant an affirmance.

Where I part company with the majority is primarily with the following statement in Judge Stevens' opinion:

[Plaintiffs'] attack on the ordinance may fairly be characterized as procedural rather than substantive in character. For they do not question the state's power to regulate or prohibit their conduct. Their claim that § 192.1 is unconstitutionally vague rests on the due process requirement that a citizen must be given fair notice that his conduct is proscribed before it may provide a basis for punishment. In our opinion, this vagueness challenge does not provide a proper basis for federal interference with state civil litigation which, if it is allowed to run its course, presumably will eliminate whatever ambiguity now exists with respect to the application of the ordinance to plaintiffs' commercial activities.

In my opinion, the claim of vagueness of a statutory provision is a proper question for a federal court to decide in a civil case given the fact that the plaintiff has standing (using that term broadly) to assert the challenge with respect to his own conduct. If one in attempting to protect a property interest from state interference can arguably assert that his conduct is not included within the prohibitory terms of a vague statute, he ought not have to await the finality of a state proceeding against him before asserting his constitutional right to procedural due process. To require him to do so is an impermissible form of abstention. Indeed, as I read the last paragraphs of Judge Stevens' opinion, I discern a theme of abstention which I, for myself, wish to disavow.