354 A.2d 244

**COMMONWEALTH of Pennsylvania,
Appellant,**

v.

**Paul E. HEINBAUGH.**

Supreme Court of Pennsylvania.

Argued June 26, 1975.

Decided March 22, 1976.

1

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Asst. Dist. Attys., Pittsburgh, for appellant.

John J. Dean, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

We are required on this appeal to determine whether or not the Pennsylvania open lewdness statute is unconstitutionally vague. This statute, now a part of the Crimes Code of 1972,[1] provides:

"A person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely

1. Act of December 6, 1972, P.L. 1482, effective July 6, 1973, 18 Pa.C.S.A. § 101 et seq.

to be observed by others who would be affronted or alarmed." 18 Pa.C.S.A. § 5901.

The appellee was indicted on one count charging violation of this act by masturbating in a public place in plain view of members of the public.[2] The trial court granted a motion to quash the indictment on the ground of vagueness, and the Commonwealth has appealed.[3] We conclude that under the standards which must govern the disposition of Heinbaugh's challenge of the statute, it is sufficiently definite.

At the outset appellee urges that we measure the challenged statutory proscription, not against the specific conduct involved in this case, but against hypothetical conduct that the statutory language could arguably embrace. To do so, however, would require us to adjudicate the rights of parties not presently before the Court, at the insistence of a party who does not have standing to assert such rights. It is for this reason that facial attacks on the validity of statutes are not generally permitted. *United States v. Powell*, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); *United States v. Mazurie*, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed.2d 706 (1975); *United States v. Raines*, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). Absent the assertion of an infringement of First Amendment freedoms,[4] the specificity of a statute must be measured against the conduct in which the party

2. The indictment alleged that the appellee "did expose and exhibit his genital organs in a lewd manner openly in a certain place situate at the Kroger parking lot . . . ." Brief for appellant at 8. The complaint amplifies the indictment by charging that the appellee, while seated in his automobile, was "masturbating in plain view."

3. This direct appeal is taken pursuant to the Appellate Court Jurisdiction Act of 1970, P.L. 673, No. 223, § 202(9), 17 P.S. 211.-202(9) (Supp.1975).

4. See, e. g., *Lewis v. New Orleans*, 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974); *Gooding v. Wilson*, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1973); *Coates v. Cincinnati*, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).

challenging the statute has engaged. As the Supreme Court of the United States has but recently put it,

> "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand. [citation omitted]" *United States v. Mazurie*, 419 U.S. 544, 95 S.Ct. 710, 714, 42 L.Ed.2d 706, 713 (1975).

See also Comment, *Recent Supreme Court Developments of the Vagueness Doctrine*, 7 Conn.L.Rev. 94, 100 (1974); Note, *The Void for Vagueness Doctrine in the Supreme Court*, 109 U.Pa.L.Rev. 67 (1960) [hereinafter cited as Pa. Note]. In the instant case, appellee makes no claim that application of the open lewdness statute could result in infringement of protected First Amendment activity. Accordingly, we must adjudge the specificity of the statute in question in light of appellee's particular conduct in this case. We turn now to the standards which must govern this determination.

■■ A criminal statute must give reasonable notice of the conduct which it proscribes to a person charged with violating its interdiction. Statutes which are so vague that they fail to provide such notice violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

> "That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926).

6

See also *United States v. Powell*, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); *United States v. National Dairy Products Corp.*, 372 U.S. 29, 32–33, 83 S.Ct. 594, 9 L.Ed.2d 561, 565 (1963); Comment, *Public Disorder Offenses Under Pennsylvania's New Crimes Code*, 78 Dick. L.Rev. 15, 33 (1973); Pa. Note supra at 75. Statutes which are challenged on the ground of vagueness are not, however, to be tested against paradigms of legislative draftsmanship. "The fact that [the legislature] might without difficulty have chosen 'clear and more precise language' equally capable of achieving the end which it sought does not mean that the statute which it in fact drafted is unconstitutionally vague." *United States v. Powell*, 423 U.S. 87, 94, 96 S.Ct. 316, 320, 46 L.Ed.2d 228, 235 (1975). Rather, the requirements of due process are satisfied if the statute in question contains *reasonable* standards to guide the prospective conduct. *United States v. Powell*, supra; *Smith v. Goguen*, 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); Pa. Note, supra at 80; cf. *Horvath v. City of Chicago*, 510 F.2d 594, 595 (7th Cir. 1975); Freund, *The Use of Indefinite Terms in Statutes*, 30 Yale L.J. 437 (1921); Note, *Due Process Requirements of Definiteness in Statutes*, 62 Harv.L.Rev. 77, 80 (1948). Two recent United States Supreme Court decisions are instructive.

██ In *Smith v. Goguen*, supra, the Court upheld a vagueness challenge to a statute proscribing conduct deemed "contemptuous of the flag." The Court reasoned that the statutory language in question was so nondescript and so broad in sweep that it could not convey to the accused a reasonably ascertainable standard against which to gauge contemplated action.

"To be sure, there are statutes that by their terms or as authoritatively construed apply without question to certain activities, but whose application to other behavior is uncertain. The hard-core violator concept makes some sense with regard to such statutes. The

present statute, however, is not in that category. This criminal provision is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' Such a provision simply has *no* core. This absence of any ascertainable standard for inclusion and exclusion is precisely what offends the Due Process Clause." *Smith v. Goguen*, 415 U.S. 577–78, 94 S.Ct. 1242, 1249, 39 L.Ed.2d at 614–15. (Citations omitted).

In contrast, as the Court made clear in *United States v. Powell*, supra, where the statute contains a standard sufficiently normative to inform the conduct of the person against whom the statute is being applied, the statute will be upheld. The conduct prohibited in *Powell* was the mailing of "firearms capable of being concealed on the person." In holding the statute sufficiently precise, the Court concluded:

"While doubts as to the applicability of the language in marginal fact situations may be conceived, we think that the statute gave respondent adequate warning that her mailing of a sawed-off shotgun of some 22 inches in length was a criminal offense. Even as to more doubtful cases than that of respondent, we have said that 'the law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree.' " [citation omitted] *United States v. Powell*, 423 U.S. at 93, 96 S.Ct. at 320, 46 L.Ed.2d at 234.

Compare also *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516 (1921) with *Sproles v. Binford*, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167 (1932). It seems clear then, that when an ascertainable standard is present in a statute, the violator whose conduct falls clearly within the scope of such standard has no standing to complain of vagueness. This leads us

to the question whether such a standard is present in the case at bar.

■ Open lewdness was an indictable offense at common law. It was defined as an act of gross and open indecency which tends to corrupt the morals of the community. *Winters v. New York*, 333 U.S. 507, 515, 68 S.Ct. 665, 92 L.Ed. 840, 849 (1948); *Commonwealth v. Sharpless*, 2 Serg. & R. 91, 100 (1815); IV Blackstone Commentaries 64 n. 38 (W. Lewis ed. 1898); 53 C.J.S. Lewdness, p. 4 (1948). While the language of the challenged Pennsylvania lewdness statute differs in some respects from this common law definition, there is no difference in meaning. The statute in question is a verbatim adoption of the lewdness provision of the Model Penal Code, ALI, Model Penal Code, Proposed Official Draft 251.1. The comment to that section makes it clear that the drafters intended to codify the pre-existing common law:

> "Lewd or indecent behavior is punishable in all jurisdictions. The prohibited conduct amounts to gross flouting of community standards in respect to sexuality or nudity in public." ALI, Model Penal Code, Tentative Draft No. 13 §§ 213.4 & 251.1, Comment at p. 81.

Accordingly, we conclude that the statutory language "any lewd act which [the actor] knows is likely to be observed by others who would be affronted or alarmed," must be read as restating the established common law standard which has long existed in this Commonwealth.[5]

■ Statutes which embody well-settled common law norms stand on a footing somewhat different than statutes which attempt to circumscribe conduct newly proscribed. Pa. Note, supra at 87. Because the former

5. Other jurisdictions which have faced the problem have similarly construed their lewdness statutes as codifying pre-existing common law. See, e. g., *State v. Cota*, 99 Ariz. 233, 408 P.2d 23 (1965); *Bell v. State*, 289 So.2d 388 (Fla.1973); cf. *Commonwealth v. Balthazer*, 318 N.E.2d 478 (Mass.1974).

group merely reiterate customary normative standards, the prohibitory language need not be drawn with the precision that a newly-conceived interdiction might require. *Commonwealth v. Zasloff*, 338 Pa. 457, 13 A.2d 67 (1940); see, *e. g.*, *Smith v. Goguen*, supra (contemptuousness of the flag). Thus, statutes which embody common law definitions have generally survived attacks on the grounds of vagueness. See, *e. g.*, *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed.2d 322, 328 (1926); Pa. Note, supra at 87. Our question then, reduces itself to whether the common law norm relative to open lewdness and now embodied in the Crimes Code is sufficiently definite when applied to the conduct in which Heinbaugh was engaged. We conclude that it is.[6]

■ The broadening of sexual permissiveness which is an undeniable aspect of contemporary American society may have served to shrink the perimeters of community morality, but we have not as yet been reduced to an amoral society totally bereft of standards of common decency. Man is still capable of performing actions which, even by contemporary mores, must be deemed, as at common law, "indecencies which tend to corrupt the morals of the community." In our view the act of masturbating in a public place is such an indecency; an act which may be said to affront the sensibilities of a substantial segment of the community. That there might be other conduct, clearly punishable at the time of Blackstone, which could not today be constitutionally punished under the statutory standard is of no assistance to Heinbaugh. He is, in the characterization of *Smith v. Goguen*, supra, a "hard core violator," and as such the open lewdness statute may be constitutionally applied to him.

6. Courts which have construed the statute in light of the pre-existing common law have generally upheld its application. See *Martin v. State*, 534 P.2d 685 (Okl.Cr.App.1975), and cases cited in note 5 supra.

The order of the trial court quashing the indictment is reversed.

NIX, J., did not participate in the consideration or decision of this case.

MANDERINO, J., filed a dissenting opinion.

MANDERINO, Justice (dissenting).

I dissent. The majority concludes that Section 5901 of the Crimes Code is not vague because, after diligent search, the majority has discovered a "core" within the statute which it says gives reasonable notice of the conduct proscribed by the statute. This "core" the majority says is the common law definition, merely recodified by the Legislature in Section 5901. The problem with the majority's analysis, however, results from its attempt to set up a standard by which the current statute can be held constitutional. The majority in effect creates a fiction. It discovers a standard which it says renders the current statute legitimate, but the standard is just as vague as the statute. "Gross and open indecency"? What is that? "Morals of the community"? Vaguer yet! The result of the majority's analysis is that a vague statute, one which gives no reasonable notice of the prohibitive conduct, is held constitutional through the application of a vague common law standard, which gave no reasonable notice of the prohibitive conduct.

Surely, if the word *obscene* is constitutionally vague the word *lewd* must be struck down for the same reasons. *See Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). A statute, vague when adopted may be upheld as constitutional when, between the time of its enactment and the time of a constitutional challenge for vagueness, the statute has acquired, as a result of judicial decisions, a well-settled construction which has cured the defect of vagueness. *See Miller v. California,* supra; *Colten v. Kentucky,* 407 U.S. 104, 92

S.Ct. 1953, 32 L.Ed.2d 584 (1972). The majority in this case, however, has not construed the word lewd in the light of any past judicial decisions which can be said to have converted that which was vague in the beginning to that which is now clear.

I dissent also from the majority's notion that different considerations prevail in First Amendment cases as distinguished from other types of cases. Admittedly, this notion is not original with the majority, who point out that other courts have also so reasoned, but where in our State Constitution or in the Federal Constitution is there any basis for such a distinction? I have been unable to find any and, thus, cannot agree with a notion grounded in a loose construction of constitutional rights.

One could say that the majority is "contemptuous" of a person's constitutional rights. Such an accusation, however, would not be reasonable because the word "contemptuous" is void of meaning because of vagueness. See Smith v. Goguen, 415 U.S. 566, 94 S.Ct. 1242, 39 L. Ed.2d 605 (1974). According to the majority, however, lewd conduct has a clearer meaning than contemptuous conduct. I cannot agree.

The issue in this case is not whether the Legislature could adopt a constitutionally valid criminal statute outlawing the conduct of which the appellee is accused. The issue is whether they have done so. Because they have not, I must dissent. The trial court properly granted the appellee's motion to dismiss the indictment.