453 A.2d 982

**COMMONWEALTH of Pennsylvania**

v.

**Marilyn A. LEWIS, Appellant.**

Superior Court of Pennsylvania.

Argued April 12, 1982.

Filed Nov. 30, 1982.

Stanley W. Greenfield, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

Appellant, Marilyn A. Lewis, was charged with one count of barratry, a misdemeanor of the third degree, for having intentionally filed numerous unjust and vexatious lawsuits against Richard E. Lewis, Jr., her former husband, personally or pertaining to his business and property.

The nature, relevant information and disposition of said cases are as follows:

| Date filed | Caption of Case | Court | Disposition |
|---|---|---|---|
| 10/6/76 | Comm. of Pa. (Marilyn Lewis) v. Richard E. Lewis | CC 7608963 Court of Common Pleas of Ally. County (Crim-Simple Assault.) | Defendant found not guilty by Judge Brosky 2/22/77 |
| 12/1/76 | Comm. of Pa. (Marilyn Lewis) v. Richard E. Lewis, Jr. | No. 395 of 1976 District Justice Bernard J. Regan (Simple Assault & Harassment.) | Dismissed by District Justice 1/19/77 |

| Date filed | Caption of Case | Court | Disposition |
|---|---|---|---|
| 12/27/76 | First Lemington Corp & Key Properties, Inc. v. Richard Lewis, et al. | C.A. No. 76–1623 U.S. District Court for the Western District of Pa. | Dismissed by Judge Snyder 12/1/77. |
| Spring 1977 | Marilyn A. Lewis v. Richard E. Lewis, Jr. | No. 232 of 1977 Court of Common Pleas of Allegheny County (Rental Suit.) | Verdict in favor of both Mr. Lewis ($832.18) & Mrs. Lewis ($820.00) |
| 5/3/77 | Marilyn Lewis v. Judge Richard G. Zeleznik, James Lally, Peter J. King & Richard E. Lewis, Jr. | CA No. 77–503 U.S. District Ct. for the Western District of Pa. (Civil Rights violation, seeking damages) | Dismissed by Judge Teitelbaum 9/1/77 |
| 11/77 | Marilyn Lewis v. Richard E. Lewis, Jr. | District Justice Meinert TA 1977–384 TA 1977–385 (2 civil suits for personal property of $35,000.00) | Dismissed by District Justice 12/22/77 |
| 12/27/77 | Marilyn A. Lewis v. Peter J. King & Richard E. Lewis, Jr. | G.D. 77–30126 Court of Common Pleas of Allegheny County Equity & damages of $110,000.00 | Dismissed by Judge Flaherty |

On September 19, 1978, the jury returned a verdict of guilty. Subsequently, appellant filed timely post-verdict motions which were denied. Appellant was then sentenced to a period of incarceration of six (6) to twelve (12) months and fined one thousand two hundred fifty ($1,250.00) dollars.

472

Appellant raises two issues on appeal: 1) whether the barratry statute is unconstitutionally vague?; and 2) whether the Commonwealth's evidence was sufficient to sustain its' burden of proof that the suits filed by Mrs. Lewis were unjust?

Regarding appellant's first contention, it must be noted that the issues that are being examined in this appeal are those of first impression to a Pennsylvania appellate court, in that, this is a charge seldom instituted in this Commonwealth. *See Commonwealth v. Gardner,* 3 Lanc. 139 (1886); *Donohue v. McGroarty,* 1 Kulp. 238, 9 Luz.L.Reg.Rep. 281 (1879). The offense of barratry is defined at 18 Pa.C.S.A. § 5109:

A person is guilty of a misdemeanor of the third degree if he vexes others with unjust and vexatious suits.

Also, it must be noted that absent an assertion of First Amendment freedoms,[1] the specificity of a statute must be measured against the conduct in which the parties challenging the statute has engaged:

"It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand. [citations omitted]" *United States v. Mazurie,* 419 U.S. 544, 550 [95 S.Ct. 710, 714, 42 L.Ed.2d 706] (1975); *Commonwealth v. Heinbaugh,* 467 Pa. 1, 5, 354 A.2d 244, 245 (1976).

*See also* Comment, *Recent Supreme Court Developments of the Vagueness Doctrine,* 7 Conn.L.Rev. 94, 100 (1974); Note, *The Void for Vagueness Doctrine in the Supreme Court,* 109 U.Pa.L.Rev. 67 (1960) [hereinafter cited as Pa. Note.] Since appellant makes no assertion that application of the barratry statute could result in an infringement of a First Amendment right, we must judge the specificity of the barratry statute in light of appellant's particular conduct. Therefore,

1. *See, e.g., Lewis v. New Orleans,* 415 U.S. 130, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974); *Gooding v. Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1973); *Coates v. Cincinnati,* 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971).

it is incumbent that we examine the standards which govern this determination.

A criminal statute must give reasonable notice of the conduct which it proscribes to a person charged with violating its interdiction. Statutes which are so vague that they fail to provide such notice violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

> "That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926).

See also *United States v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975); *United States v. National Dairy Products Corp.,* 372 U.S. 29, 32–33, 83 S.Ct. 594, 597–598, 9 L.Ed.2d 561 (1963); *Commonwealth v. Heinbaugh,* 467 Pa. at 5, 354 A.2d at 246; Comment, *Public Disorder Offenses Under Pennsylvania's New Crimes Code,* 78 Dick.L.Rev. 15, 33 (1973); *Pa.Note supra* at 75. Statutes which are challenged on the ground of vagueness are not, however, to be tested against paradigms of legislative draftmanship. "The fact that [the legislature] might without difficulty have chosen 'clear and more precise language' equally capable of achieving the end which it sought does not mean that the statute which it in fact drafted is unconstitutionally vague." *United States v. Powell,* 423 U.S. 87, 94, 96 S.Ct. 316, 320, 46 L.Ed.2d 228 (1975); *Commonwealth v. Heinbaugh,* 467 Pa. at 6, 354 A.2d at 246. Rather, the requirements of due process are satisfied if the statute in question contains reasonable standards to guide the prospective conduct. *United States*

*v. Powell, supra; Smith v. Goguen,* 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); *Pa.Note, supra* at 80; cf. *Horvath v. City of Chicago,* 510 F.2d 594, 595 (7th Cir.1975); *Commonwealth v. Heinbaugh,* 467 Pa. at 6, 354 A.2d at 246; Freund, *The Use of Indefinite Terms in Statutes,* 30 Yale L.J. 437 (1921); Note, *Due Process Requirements of Definitions in Statutes,* 62 Harv.L.Rev. 77, 80 (1948).

■ In *Powell,* the Supreme Court applied the above-mentioned criteria to a criminal statute prohibiting the mailing of "firearms capable of being concealed on the person." In holding the statute sufficiently precise, the Court concluded:

> "While doubts as to the applicability of the language in marginal fact situations may be conceived, we think that the statute gave respondent adequate warning that her mailing of a sawed-off shotgun of some 22 inches in length was a criminal offense. Even as to more doubtful cases than that of respondent, we have said that 'the law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree.' "[2] [citation omitted] *United States v. Powell,* 423 U.S. at 93, 96 S.Ct. at 320; *Commonwealth v. Heinbaugh,* 467 Pa. at 7, 354 A.2d at 247.

*Compare also United States v. L. Cohen Grocery Co.,* 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516 (1921) with *Sproles v. Binford,* 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167 (1932). It seems clear, then, that when an ascertainable standard is present in a statute, the violator whose conduct falls clearly within the scope of such standard has no standing to complain of vagueness. This leads us to question whether such a standard is present in this case.

**2.** In contrast, the Supreme Court has upheld a vagueness challenge to a statute proscribing conduct deemed "contemptuous of the flag." The court reasoned that the statutory language in question was so nondescript and so broad in sweep that it could not convey to the accused a reasonably ascertainable standard against which to gauge contemplated action. *Smith v. Goguen,* 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974); *See also Commonwealth v. Heinbaugh,* 467 Pa. at 6–7, 354 A.2d at 246.

Barratry was an indictable offense at common law. It was defined as "the crime or offense of frequently stirring up suits and quarrels between individuals, either at law or otherwise." 9 C.J.S., *Barratry,* § 1, p. 1546; *State v. Batson,* 220 N.C. 411, 412, 17 S.E.2d 511, 512 (1941); 4th *Blackstone,* pp. 125, 134. While the language of the challenged Pennsylvania barratry statute differs in some respects from this common law definition, there is no difference in meaning. Accordingly, we conclude that the statutory language "vexes others with unjust and vexatious suits," must be read as restating the established common law standard which has long existed in this Commonwealth.

■ Statutes which embody well-settled common law norms stand on a footing somewhat different than statutes which attempt to circumscribe conduct newly proscribed. *Commonwealth v. Heinbaugh,* 467 Pa. at 8, 354 A.2d at 247; *Pa.Note, supra* at 87. Because the former group merely reiterate customary normative standards, the prohibitory language need not be drawn with the precision that a newly-conceived interdiction might require. *Commonwealth v. Heinbaugh,* 467 Pa. at 8–9, 354 A.2d at 247; *Commonwealth v. Zasloff,* 338 Pa. 457, 13 A.2d 67 (1940); see e.g., *Smith v. Goguen, supra* (contemptuousness of the flag). Thus, statutes which embody common law definitions have generally survived attacks structured on the grounds of vagueness. *See e.g., Connally v. General Construction Company,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *Commonwealth v. Heinbaugh,* 467 Pa. at 9, 354 A.2d at 247; *Pa.Note, supra* at 87. Our question, then, reduces itself to whether the common law norm relative to barratry and now embodied in the Crimes Code is sufficiently definite when applied to the conduct in which the appellant was engaged.

There can be no doubt that many of the suits instituted by appellant against her former husband, were initiated to harass him following their unamicable divorce and the proceedings resulting therefrom. While appellant's actions initiated against her former husband at CC 7608963, No. 395 of 1976, and No. 232 of 1977, appeared from testimony to have

some justification,[3] the remaining five suits were clearly unjust. Special mention must be made of the suits brought at G.D. 77–30126 and C–A No. 77–503. Paragraphs 10–12 of the action filed pro se by appellant at G.D. 77–30126 contain extreme obscene and vulgar allegations against Mr. Lewis. Copies of these allegations were mailed to Mr. Lewis' mother, brothers, sisters, a fraternal organization, a bar he frequented, two union officials, his attorney, his attorney's law firm, and his girlfriend. Testimony revealed that neither Mr. Lewis, his attorney, nor the prothonotary mailed those copies of the complaint. These charges were dismissed by the court below when appellant failed to appear. At trial on this action, these abhorrent accusations were found to be groundless.

Regarding the action filed at C–A No. 77–503, appellant instituted suit against the Honorable Richard G. Zeleznik, James Lally, Peter J. King, and her former husband. One of appellant's allegations in this action is as follows:

"At various times and places, more specifically set forth in the following counts, the defendants by their acts of commission and omission have unlawfully, wrongfully, maliciously and knowingly conspired to deprive plaintiff of her rights under the Constitution and the laws of the United States and are continuing to do so, causing her extreme mental and emotional distress and causing her two minor children serious physical, mental, emotional and developmental injury of a permanent and irreparable nature in addition to causing plaintiff financial losses in excess of $10,000.00, all to her injury and detriment and to the permanent and irreparable injury and detriment of her children."

3. At trial, the couple's son testified that his father had grabbed him and thrown him into a step and had also subsequently kicked him twice. Moreover, the couple's daughter testified that her father had "smashed" a window and had generally harassed the family. These incidents resulted in the actions at No. 395 of 1976 and CC 7608963 being filed. As to the suit filed at No. 232 of 1977, judgment was entered for both appellant and her husband.

In dismissing this action, the United States Court for the Western District of Pennsylvania opined:

"The basis for denial is the complete lack of any credible evidence to support plaintiffs' contentions... (T)he initiation of this proceeding is outrageous".

The remaining three suits filed against Mr. Lewis by the appellant or her company concerned the couple's property, and all were subsequently dismissed.

■ In addition to the annoyance, embarrassment and harassment of having to defend these meritless suits, Richard E. Lewis also suffered a substantial monetary loss due to attorneys' costs and lost wages due to the time spent in court.

It is undisputable that the barratry statute contains a standard sufficiently normative to inform the appellant that her conduct was in violation thereof.

■ The final issue raised by appellant concerns the sufficiency of the evidence. In *Commonwealth v. Rose*, 463 Pa. 264, 267–268, 344 A.2d 824, 825–826 (1975), the Supreme Court stated:

"The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt.... Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced.... The fact-finder is free to believe all, part, or none of the evidence." (Citations omitted.)

Viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, we are of the considered opinion that the evidence presented by the Commonwealth was sufficient to establish beyond a reasonable doubt that the suits filed by the appellant were "unjust". *See* pp. 985–986 of Opinion.

Judgment of sentence affirmed.