## Commonwealth v. Polomchak

*T. Gary Gambardella, assistant district attorney,* for the Commonwealth.

*Robert W. Suter,* for defendant.

BIESTER, Jr., *J.,* June 24, 1991—Following a waiver trial on September 28, 1990, defendant Steven Kurt Polomchak was found guilty of open lewdness. 18 Pa.C.S. §5901. Defendant and the Commonwealth stipulated to present only the notes of testimony from the preliminary hearing of July 6, 1990. We then gave defendant a plenary waiver trial colloquy. Defendant filed a single post-verdict motion arguing: "(1) that the evidence was insufficient to sustain a verdict of open lewdness."

We find the facts of the case, in a light most favorable to the Commonwealth, to be as follows.

On May 22, 1990, at approximately 7:30 a.m., defendant entered the Five Points Sports Bar in

Bristol Township, Bucks County. He sat down on a bar stool in front of the bartender, Kimberly Richardson, and placed a briefcase on the stool next to him. He then ordered a beer. He was the only customer in the bar.

Shortly afterward, Ms. Richardson testified that defendant began to masturbate while sitting on the bar stool. Looking over the bar, she could see his "hand moving up and down by his pants." (N.T. at 16.) Ms. Richardson also stated that the defendant had a "preoccupied look" on his face. (N.T. at 15.) It was Ms. Richardson's opinion that defendant's motions could not have been anything other than masturbation. We note that Ms. Richardson never actually saw defendant's penis. Ms. Richardson further testified that the incident frightened her.

Also in the bar that morning was John Pietro, the janitor. Mr. Pietro observed defendant sitting at the bar and he noticed that defendant had placed his coat over his lap. Mr. Pietro testified that defendant placed "his right arm underneath his coat moving [apparently his hand] rapidly . . . as though he was [sic] masturbating." (N.T. at 24.) Mr. Pietro thought defendant's actions were obscene and asked defendant to leave the bar. Defendant left the premises without objection.

The issue raised by defendant is the sufficiency of the evidence to convict for open lewdness. Section 5901 of the Crimes Code states: "A person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed." We must then decide if the defendant's action in the bar was a "lewd act" within the meaning of the statute. In *Commonwealth v. Heinbaugh,* 467 Pa. 1, 354 A.2d 244 (1976), our Supreme Court provided the following analysis of the crime of open lewdness:

"Open lewdness was an indictable offense at common law. It was defined as an act of *gross and open indecency which tends to corrupt the morals of the community. Winters v. New York,* 333 U.S. 507, 515, 68 S.Ct. 665, 670, 92 L.Ed. 840, 849 (1948); *Commonwealth v. Sharpless,* 2 Serg. & R. 91, 100 (1815); IV Blackstone Commentaries 64 n. 38 (W. Lewis ed. 1898); 53 C.J.S. *Lewdness,* p. 4 (1948). While the language of the challenged Pennsylvania lewdness statute differs in some respects from the common law definition, there is no difference in meaning. The statute in question is a verbatim adoption of the lewdness provision of the Model Penal Code, ALI, Model Penal Code, Proposed Official Draft 251.1. The comment of that section makes it clear that the drafters intended to codify the pre-existing common law:

" 'Lewd or indecent behavior is punishable in all jurisdictions. The prohibited conduct amounts to gross flouting of community standards in respect to sexuality or nudity in public.' ALI, Model Penal Code, Tentative Draft no. 13 §§213.4 and 251.1. Comment at p. 81." 467 Pa. at 8, 354 A.2d at 247. (emphasis supplied)

Weighed against these long-standing precedents, we find that defendant's insufficiency of the evidence claim is without merit. Defendant's actions were clearly offensive and obscene, and grossly offended the community's standards with respect to sexuality in public. Defendant's hand movements coupled with the testimony of Ms. Richardson and Mr. Pietro leave us with no doubt that defendant was masturbating, or at the very least quite convincingly feigning the act of masturbation. We point out that actual nudity is not a required element of the crime of open lewdness. The law only requires that the act "is likely to be observed by others *who*

*would be affronted or alarmed.''* Section 5901, *supra.* Here, we have an individual who undoubtedly alarmed and affronted Ms. Richardson and Mr. Pietro in a public setting. We therefore enter the following

ORDER

And now, June 24, 1991, it is hereby ordered that defendant Steven Kurt Polomchak's post-verdict motion is denied and dismissed. Sentencing is scheduled for July 19, 1991 at 9:15 a.m. in courtroom no. 3 at the Bucks County Courthouse, Doylestown, Pennsylvania.