J-S34023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ELIZABETH ANN FERRONI | : | |
| Appellant | : | No. 1410 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 8, 2022
In the Court of Common Pleas of Clarion County
Criminal Division at No:  CP-16-CR-0000404-2021

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                **FILED: February 13, 2024**

Appellant, Elizabeth Ann Ferroni seeks review of the judgment of sentence entered by the Court of Common Pleas of Clarion County (trial court).  Following a jury trial, Appellant was found guilty of open lewdness (18 Pa.C.S.A. § 5901) and sentenced to one year of probation.  The Commonwealth proved this offense by introducing a surveillance recording which captured audio and video footage of Appellant while she was standing on the front porch of her condominium.  In this appeal, Appellant argues that the recording was illegally obtained in violation of the Wiretapping and Electronic Surveillance Act (the Wiretap Act) (18 Pa.C.S.A. §§ 5701-5782), and that the evidence was legally insufficient to sustain her conviction. Finding no merit in those claims, we affirm.

On August 14, 2021, Appellant resided in a condominium unit which abutted the unit of her neighbor, Glen Grube.  Appellant and Grube shared a

common porch area just outside of their respective front doors. On Grube's side of the porch, he had installed a security camera that faced toward Appellant's side. Grube claimed to have mounted the camera in response to recent property damage around his home.

The camera was programmed to record both audio and video footage of the porch area when activated by a motion sensor. A light on the camera would turn blue upon activation, and a live feed of the recording would then be streamed to the owner's computer or cellular phone. At about 4:15 p.m. on the day in question, while he was at work, Grube received a notice from the surveillance system that the camera had begun recording. He then began viewing the video from his work computer.

The duration of the footage is about two minutes. It showed Appellant looking up in the direction of the camera and loudly stating, "Private property. Illegal." She then extended her middle finger while still facing the camera. In a rather deliberate manner, Appellant also exposed her breasts and buttocks, the latter of which she repeatedly struck with her open hand.

Once Appellant finished exposing herself, she began using a power drill to secure a curtain barrier, separating her side of the common porch area from Grube's. No one else was physically present in the area where Appellant was standing, and she did not dispute that she was alone during this period.

Grube reported the incident to the police and supplied them with a copy of the surveillance video recording, stating that he had been disturbed by what he had unwittingly observed on it. Appellant was charged with open lewdness

and the case proceeded to trial.[1] The Commonwealth sought to introduce the surveillance video as a trial exhibit, and Appellant moved to suppress that evidence.

The trial court held a hearing on the suppression motion. Essentially, Appellant argued that the recording was illegally obtained in violation of the Wiretap Act because she had a reasonable expectation of privacy on the front porch of her home. She denied knowing that the camera had been installed on Grube's side of the porch, or that she had otherwise intended for her voice and physical gestures to be recorded. Appellant maintained that the recording had to be suppressed because its contents qualified under the Wiretap Act as "oral communications" which had been unlawfully intercepted by Grube and then disclosed by him to the Commonwealth.

The trial court denied the suppression motion, finding that Appellant had failed to prove that she had a reasonable expectation that she was not being recorded. Despite Appellant's claim that she was unaware that a camera had been installed on Grube's property, the trial court determined that she had "acknowledged by her behavior that she believed the neighbor could see and hear her on his camera." *See* Trial Court Order, 5/24/2022, at 1.

The video and audio components of the recording were played for the jury at trial, and Appellant was found guilty of open lewdness. She filed a post-sentence motion challenging the sufficiency of the evidence and the

---

[1] Appellant also had been charged with one count of disorderly conduct, but it was *nolle prossed*.

motion was denied. Appellant timely appealed and filed a 1925(b) statement of errors. In its 1925(a) opinion, the trial court did not give any additional reasons why the judgment of sentence should be affirmed, instead incorporating its prior orders denying Appellant's post-sentence and suppression motions. *see* Trial Court 1925(a) Opinion, 12/29/2022, at 1.

Appellant now has raised the following three issues in her brief, each of which will be addressed below in turn:

> 1. Did the Trial Court err when it determined that the video footage was admissible at trial when the recording of [Appellant] was done without her consent, in violation of her expectation of privacy, and in violation of the Wiretap Act?
>
> 2. Whether the evidence presented at trial was sufficient to sustain a conviction for Open Lewdness when the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] knew her act was likely to be observed by others?
>
> 3. Whether the evidence presented at trial was sufficient to sustain a conviction for Open Lewdness when the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] knew the act would affront or alarm another?

Appellant's Brief, at 5.

Appellant's first issue is that the trial court erred by admitting into evidence a recording created by her neighbor's surveillance equipment. On review of an order denying a motion to suppress, this Court

> is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the

Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

***Commonwealth v. Yandamuri***, 159 A.3d 503, 516 (Pa. 2017) (citations omitted).

Under the Wiretap Act, it is illegal for a person to disclose the contents of "any wire, electronic or oral communication or evidence derived therefrom" unless the communication is intercepted in accordance with the law. 18 Pa.C.S.A. § 5721.1(a)(1). A party in a criminal proceeding "may move to exclude the contents of any electronic or oral communication, or evidence derived therefrom" if the recording is intercepted and then disseminated in violation of the Wiretap Act. ***Id***, at § 5721.1(b). An oral communication may be subject to such exclusion where it is "uttered by a person possessing an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 Pa.C.S.A. § 5702.

As a preliminary matter, we note that Appellant's present claim does not involve a challenge to the admission of the *video* portion of the Commonwealth's exhibit. She argued in her suppression motion only that the recording was an illegally intercepted "oral communication," and she sought the exclusion of that evidence on that sole ground. **See** Suppression Motion, 5/20/2022, at paras. 12-18. This Court has recently explained in an analogous context that the Wiretap Act cannot be used to exclude an image or video component of a recording from a criminal trial because they do not

fall under the Wiretap Act's definition of an "electronic or oral communication." *See Commonwealth v. Mason*, No. 1091 MDA 2018 at *5 (Pa. Super. March 7, 2019) (unpublished memorandum), *aff'd in part, rev'd in part on other grounds*, 247 A.3d 1070 (Pa. 2021).

As to the audio portion of the surveillance recording, we find that the Wiretap Act is likewise unavailing. In the recording, Appellant can be seen and heard loudly speaking in the direction of the surveillance camera. The device recorded her saying, "Private property. Illegal." The only apparent meaning of this statement – which Appellant did not even recall making when she testified at the suppression hearing – is that she took umbrage at her neighbor's installation of surveillance equipment because it violated her privacy and that she desired her neighbor to hear her protest. Appellant could not have had a legitimate or reasonable expectation that her words were not being intercepted because she appeared to utter her complaints for that very purpose. To the extent that Appellant claims she did not know a camera was recording her, and that she did not recall making the statements it recorded, our standard of review compels us to accept the trial court's finding that Appellant was not credible in that regard.

Indeed, there is no cogent explanation for the behavior Appellant exhibited in the recording other than that she was trying to communicate to her neighbor that she was upset that he had installed surveillance equipment without her consent. It follows that the Wiretap Act does not preclude the

admission of the recording at trial because Appellant lacked a reasonable expectation that her communications would not be subject to interception under the circumstances. 18 Pa.C.S.A. § 5702. Thus, the trial court did not err in denying Appellant's motion to suppress the contents of the surveillance camera recording.

Appellant's second and third issues both concern the sufficiency of the evidence that she committed the offense of open lewdness. She argues that the Commonwealth failed to present any evidence that she knew her conduct would be observed by anyone, or that her recorded conduct would cause anyone to be affronted or alarmed.

When evaluating the sufficiency of the evidence, our standard of review is *de novo*. **See Commonwealth v. Rushing**, 99 A.3d 416, 420 (Pa. 2014). The scope of review is limited to consideration to the record on appeal, as well as the "reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Id**., at 420-21.

A person commits the offense of open lewdness if she "does any lewd act which [s]he knows is likely to be observed by others who would be affronted or alarmed." 18 Pa.C.S.A. § 5901. A lewd act is "an act of gross and open indecency which tends to corrupt the morals of the community." **Commonwealth v. Heinbaugh**, 354 A.2d 244, 247 (Pa. 1976). This includes not just public nudity and exposure of genitalia, but also "public sexuality" that is "overtly sexual in nature." **Commonwealth v. Berrios**, 297 A.3d 798,

804 (Pa. Super. 2023) (affirming open lewdness conviction where defendant had exposed her breasts in public with the intent of doing so for a "sexual purpose.").

The evidence satisfied the element of the offense requiring Appellant to know that she was likely to be observed by others. As discussed above, it is reasonable to infer from the conduct captured in the surveillance recording that Appellant knew she was being observed. She looked directly into the camera's lens when speaking; she also exposed herself in such a way that her body would be in the camera's view. Her declaration of an "illegal" act, and her attempt to screen off her half of the porch area with a curtain, support the trial court's finding that Appellant was fully aware of the surveillance equipment on Grube's property. There is no evidence in the record that Appellant had intended to direct her words and physical gestures to anyone else in person at the time she was recorded.

Further, it is reasonable to infer that Appellant behaved the way she did precisely because she intended to make her neighbor, Grube, affronted or alarmed. She extended her middle finger toward the surveillance camera. She also exposed her breasts and buttocks in view of the device. This was an overt display of public sexuality that Appellant performed for a sexual purpose, albeit with the apparent intent of affronting and alarming a neighbor she was angry with. These facts were sufficient to satisfy the elements of open

lewdness. Thus, none of Appellant's claims have merit, and the order on review must be upheld.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

2/13/2024