528 A.2d 990

**COMMONWEALTH of Pennsylvania**

v.

**Andrew R. CHAPMAN, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1987.

Filed July 22, 1987.

Petition for Allowance of Appeal Denied Dec. 21, 1987.

Terrence P. Cavanaugh, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Com.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

After a jury trial, appellant was found guilty of robbery as a second degree felony, 18 Pa.C.S. § 3701(a)(1)(iv), criminal conspiracy, 18 Pa.C.S. § 903, and theft by unlawful taking, 18 Pa.C.S. § 3921, for his participation in a robbery committed by himself and a co-defendant, of a gasoline convenience store in Erie County, Pennsylvania on January 21, 1986. Appellant did not file post-verdict motions and was sentenced on June 27, 1986 to two and one-half (2½) years to five (5) years imprisonment for the robbery conviction plus restitution, costs and a $500 fine and a consecutive sentence of five (5) years probation, restitution and a $500 fine for the conspiracy conviction. The conviction for theft by unlawful taking merged as a lesser included offense of robbery for sentencing purposes. Appellant filed a timely motion for reconsideration of sentence, which was denied on June 30, 1986, whereupon, appellant filed a timely notice of appeal to our Court.

Appellant's sole claim on appeal is that the sentencing court erred in applying the deadly weapon enhancement of the sentencing guidelines, 204 Pa.Code § 303.4(a), when sentencing. That section provides as follows:

(a) When the court determines that the defendant or an accomplice possessed a deadly weapon, as defined in 18 Pa.C.S. § 2301 (relating to definitions), during the com-

mission of the current conviction offense; at least 12 months and up to 24 months confinement shall be added to the guidelines sentence range which would otherwise have been applicable.

As appellant notes, 18 Pa.C.S. § 2301 defines the term "deadly weapon" as follows:

> 'Deadly weapon.' Any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or *serious bodily injury*. (Emphasis added.)

Appellant claims the straight razor used by co-defendant, Fred Williams, during the robbery never threatened the victim with "immediate" serious bodily injury (Appellant's brief at 7) and, therefore, cannot be considered a deadly weapon for sentencing purposes. Additionally, appellant contends the jury's verdict, finding appellant guilty of robbery as a second degree felony, 18 Pa.C.S. § 3701(a)(1)(iv), indicates that the appellant did not threaten the victim with "serious bodily injury," as a first degree conviction would require, 18 Pa.C.S. § 3701(a)(1)(i), but only "bodily injury," as a second degree conviction requires.[1]

We find appellant's contentions meritless for the following reasons. Appellant's reading into the definition of "deadly weapon" and the deadly weapon enhancement section of the guidelines, a requirement that the threat of serious bodily injury be "immediate," is erroneous and unsupported. The definition clearly states the device or instrumentality must be "calculated or likely to produce

---

1. § 3701 Robbery
   (a) Offense defined.—
   > (1) A person is guilty of robbery if, in the course of committing a theft, he;
   > (i) inflicts *serious bodily injury* upon another;
   > ....
   > (iv) inflicts *bodily injury* upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or....
   > (Emphasis added).

death or serious bodily injury;" there is no requirement in the definition that the victim actually be in immediate danger of serious bodily injury. As to appellant's claim that by finding appellant guilty of robbery as a felony of the second degree no threat of serious bodily injury was present, but only a threat of bodily injury, we find this argument equally meritless. It is not the harm produced which is of consequence in applying the deadly weapon enhancement provision, but rather, is the potential for harm that is likely to occur from use of the weapon or instrumentality. Under the preponderance of the evidence standard, which we said in *Commonwealth v. McKeithan,* 350 Pa.Super. 160, 504 A.2d 294 (1986) applied in a deadly weapon enhancement situation, we find the sentencing court properly applied the deadly weapon enhancement provision. There can be no doubt that a straightedge razor placed at the face of a person, as was done by codefendant in this case, can cause serious bodily injury (N.H. 6/27/86, p. 16).

Judgment of sentence affirmed.

ROWLEY, J., concurs in the result by TAMILIA, J.