J-A14024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RUSSELL CLAYTON RUNK | |
| Appellant | No. 1621 MDA 2014 |

Appeal from the Judgment of Sentence August 31, 2011
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0002245-2010

BEFORE: BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.: **FILED MAY 28, 2015**

Russell Clayton Runk ("Appellant") appeals from the judgment of sentence entered following his jury trial conviction for robbery (threatens serious bodily injury),[1] robbery (takes property by force),[2] and conspiracy to commit robbery.[3] We affirm.

The trial court previously summarized the facts and procedural history leading to Appellant's arrest and conviction as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 3701(a)(1)(v).

[3] 18 Pa.C.S. § 903.

On the night of July 27, 2010, two individuals burst into the Blue Ridge Food Mart convenience store. Their faces were obscured by masks and their hands by gloves. The only other person in the store was the clerk, Durga Prasad "Roger" Upadhyaya. At first, Upadhyaya thought that the men were playing a joke on him. He quickly realized that they were not. One man, Michael Aaron Reed, brandished what looked like a semiautomatic handgun and told Upadhyaya to open the register. The store's surveillance video shows the other, [Appellant], displaying a knife, which Upadhyaya testified was around 11" or 12" long. The clerk said that he was not scared, but admitted that he thought he might be killed if he did not follow the robbers' commands. Upadhyaya complied, and [Appellant] and Reed made off with around $500.00.

The alliteratively-named robbers left the store, got into a maroon and silver Dodge or Chrysler compact car, and fled toward the Mason-Dixon Line. Unfortunately for them, the car crashed into a roadside ditch on the Maryland side within a mile of the border. Police arrived on scene, detained the two, and found $487.00 in cash stuffed in Reed's pocket. No gun or knife was ever recovered. Both were charged with first-degree felony robbery, third-degree felony robbery, and conspiracy to commit robbery.

After a joint, two-day trial, the jury convicted [Appellant] and Reed each on all three counts. On August 31, 2011, the [c]ourt sentenced [Appellant] to 8 to 16 years in prison.

Trial Court Opinion, December 14, 2011,[4] pp. 1-2 (pagination supplied) (footnotes omitted). Appellant filed post-sentence motions, which the trial court denied on December 14, 2011.

---

[4] The Honorable Richard J. Walsh presided over Appellant's trial and authored the December 14, 2011 opinion and order that disposed of Appellant's post-sentence motions. The Honorable Carol L. Van Horn presided over this matter following Judge Walsh's retirement in January 2013.

Appellant did not file a direct appeal. Instead, on June 18, 2012, Appellant filed a petition pursuant to the Post Conviction Relief Act[5] ("PCRA"). The PCRA court dismissed Appellant's PCRA petition on December 6, 2012.

On September 12, 2013, Appellant filed a motion for modification of sentence *nunc pro tunc*, which the trial court denied on the same day.

On May 7, 2014, Appellant filed a second PCRA petition. Appointed counsel filed an amended PCRA petition on July 25, 2014, which claimed that, due to ineffective assistance of both trial and PCRA counsel on Appellant's first PCRA, Appellant's direct appeal rights should be reinstated *nunc pro tunc*. In its answer, the Commonwealth agreed Appellant's direct appeal rights should be reinstated. Consequently, on August 25, 2014, the PCRA court granted Appellant's second PCRA petition and reinstated Appellant's direct appeal rights. On September 24, 2014, Appellant timely appealed. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues for review:

1. Did the [C]ommonwealth prove their case by sufficient evidence where based on the victim's own testimony, he at no time felt fear of immediate injury, and there was no evidence of the taking or removing of property from the victim by force or otherwise?

_____

[5] 42 Pa.C.S. §§ 9541-9546.

2. Did the trial court err in applying the deadly weapon used enhancement rather than the deadly weapon possessed enhancement when [Appellant] did not physically threaten the victim with the weapon and the victim was not injured?

3. Did the trial court err in using an offense gravity score for [c]riminal [c]onspiracy to commit [r]obbery based on the offense being graded as a 1st degree felony rather than a lesser degree felony when the Commonwealth's information graded the offense as an F-1, but alleged only a general reference to robbery, no specific agreement between the defendants was alleged, and no specific evidence of the scope or object of the agreement between the defendants was presented?

Appellant's Brief, pp. 6-7.

Appellant first claims that the Commonwealth adduced insufficient evidence to support his convictions. *See* Appellant's Brief, pp. 15-18. Specifically, Appellant argues that the Commonwealth (1) failed to prove robbery (threatens serious bodily injury) because the victim testified he was not scared during the robbery, but only after the perpetrators had left the store, and (2) failed to prove robbery (takes property by force) because Appellant took money only from the cash register, not the victim's person. *See id.* These claims lack merit.[6]

---

[6] Appellant's Pa.R.A.P. 1925(b) statement of matters complained of on appeal does not raise the sufficiency of the evidence of his conviction for conspiracy to commit robbery. *See* 1925(b) Statement. Likewise, Appellant's brief neither raises nor argues the sufficiency of the evidence of his conspiracy conviction. *See* Appellant's Brief. Accordingly, Appellant has waived any challenge to the sufficiency of the evidence regarding his conspiracy conviction. *See Commonwealth v. Renchenski*, 988 A.2d 699, 703 (Pa.Super.2010), *aff'd*, 52 A.3d 251 (Pa.2012) (failure to present argument, citation, or supporting legal authority waives claims for review).

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011).

The Crimes Code defines robbery, in relevant part, as follows:

**§ 3701.  Robbery**

**(a) Offense defined.--**

> (1) A person is guilty of robbery if, in the course of committing a theft, he:

> . . .

> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

> . . .

> (v) physically takes or removes property from the person of another by force however slight[.]

18 Pa.C.S. § 3701.

To convict a defendant of robbery under Section 3701(a)(1)(ii):

> [T]he Commonwealth need not prove a verbal utterance or threat to sustain a conviction under subsection 3701(a)(1)(ii). It is sufficient if the evidence demonstrates aggressive actions that threatened the victim's safety. For the purposes of subsection 3701(a)(1)(ii), the proper focus is on the nature of the threat posed by an assailant and whether he reasonably placed a victim in fear of "immediate serious bodily injury." The threat posed by the appearance of a firearm is calculated to inflict fear of deadly injury, not merely fear of "serious bodily injury." A factfinder is entitled to infer that a victim was in mortal fear when a defendant visibly brandished a firearm.

*Commonwealth v. Hopkins*, 747 A.2d 910, 914-15 (Pa.Super.2000) (citations omitted); *see also Commonwealth v. Gillard*, 850 A.2d 1273, 1276 (Pa.Super.2004) (evidence that a gun was pointed at victims during a robbery was sufficient to establish that the perpetrators placed victims in legitimate fear of serious bodily injury). Additionally, where a defendant takes money from a cash register, as opposed to the employee operating the cash register, the defendant is still liable for robbery of the employee under Section 3701(a)(1)(v). *See Gilliard*, 850 A.2d at 1276 (defendant guilty of robbery of employee and four patrons despite only taking money from cash register).

Here, the evidence presented established the elements of robbery (threatens serious bodily injury) and robbery (takes property by force) beyond a reasonable doubt. The evidence established that Appellant and his

co-defendant, both wearing masks, entered the store together. *See* N.T. 6/23/2011, pp. 46-47. Appellant was holding an 11 to 12-inch knife, and his co-defendant held a pistol. *Id.* Upon entering the store, the co-defendant pointed the pistol at the store's clerk.[7] *Id.* at 48-49. Meanwhile, Appellant, knife in hand, went behind the counter and instructed the clerk to put down the phone, open the register, and give him the money. *Id.* When the clerk opened the cash register, Appellant took money from inside the cash register and from a drawer beneath the register. *Id.* After taking the money, the men fled the store, and the clerk immediately locked the door. *Id.* at 49. Surveillance videotape admitted into evidence substantiated the clerk's testimony. *Id.* at 50-51. The clerk testified he was not initially scared because he thought the men were playing a joke, but soon became concerned that the robbers might kill him if he did not comply with their demands. *Id.* at 49-50. This evidence is sufficient to sustain both of Appellant's robbery convictions. *See Hopkins*, *supra*; *Gilliard*, *supra*.

Appellant next claims that (1) the trial court erred in employing the deadly weapon used sentencing enhancement instead of the deadly weapon possessed enhancement because he did not physically threaten anyone with

---

[7] As a co-conspirator, Appellant is liable for this action as though he had pointed the pistol himself. *See Commonwealth v. Lambert*, 795 A.2d 1010, 1016 (Pa.Super.2002), *appeal denied*, 805 A.2d 521 (Pa.2002) ("Once there is evidence of the presence of a conspiracy, conspirators are liable for acts of co-conspirators committed in furtherance of the conspiracy.").

the knife he held during the robbery, and (2) the trial court employed an incorrect Offense Gravity Score in sentencing. *See* Appellant's Brief, pp. 18-20. These claims challenge the discretionary aspects of sentencing. *See* ***Commonwealth v. Kneller***, 999 A.2d 608, 613 (Pa.Super.2010) (*en banc*) ("a challenge to the application of the deadly weapon enhancement implicates the discretionary aspects of sentencing."); ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa.Super.2012) (explaining that a sentencing court's application of an allegedly incorrect Offense Gravity Score challenges the discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.***

Here, Appellant filed a timely notice of appeal and preserved his issues in a motion for reconsideration of sentence. Further, Appellant's brief includes a concise statement of the reasons relied upon for allowance of

appeal pursuant to Pa.R.A.P. 2119(f). **See** Appellant's Brief, pp. 14-15. Accordingly, we now determine whether Appellant has raised a substantial question for review and, if so, proceed to a discussion of the merits of the claim. **See** Pa.R.A.P. 2119(f); **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa.1987).

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa.Super.2013) *(internal citations omitted)*; **see also** 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." **Christine**, 78 A.3d at 10. "On several occasions, we have found that the application of the weapon enhancement presents a substantial question." **Commonwealth v. Pennington**, 751 A.2d 212, 216 (Pa.Super.2000). An allegation that a trial court employed an improper calculation of an Offense Gravity Score also raises a substantial question for appellate review. **See, e.g., Commonwealth v. Archer**, 722 A.2d 203, 210-211 (Pa.Super.1998) (claim that sentencing court used incorrect Offense Gravity Score raises a substantial question regarding discretionary aspect); **see also Commonwealth v. Jackson**, 585 A.2d 533, 534 (Pa.Super.1991) ("Where [an] appellant avers that the sentencing court failed to properly apply the

sentencing guidelines a substantial question as to the appropriateness of the sentence has been raised.").

Both of Appellant's discretionary aspects of sentence claims – (1) that the trial court abused its discretion by employing the deadly weapon used sentence enhancement, and (2) that the court employed an incorrect Offense Gravity Score in sentencing Appellant –raise substantial questions for our review. **See Pennington**, **supra**; **Archer**, **supra**. However, both claims lack merit.

We review discretionary aspects of sentence claims under the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa.Super.2014), *appeal denied*, 95 A.3d 275 (Pa.2014).

Appellant first contends that the trial court erred in applying the deadly weapon used enhancement, claiming it should have applied the deadly weapon possessed enhancement. **See** Appellant's Brief, p. 18-19. Appellant argues that he did not use the knife in a manner that threatened or injured another individual as required by the deadly weapon used enhancement. **Id.** He asserts that he merely possessed the knife and,

therefore, a sentence under the deadly weapon possessed enhancement should have been imposed. *Id.* Essentially, he argues that merely holding a knife does not amount to using a knife in a robbery context. He is incorrect.

The Sentencing Guidelines explain the "use" and "possession" deadly weapon enhancements as follows:

**(a) Deadly Weapon Enhancement.**

(1) When the court determines that the offender possessed a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Possessed Matrix (§ 303.17(a)). An offender has possessed a deadly weapon if any of the following were on the offender's person or within his immediate physical control:

(i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or

(ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or

(iii) Any device, implement, or instrumentality designed as a weapon or capable of producing death or serious bodily injury where the court determines that the offender intended to use the weapon to threaten or injure another individual.

(2) When the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual:

(i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or

(ii) Any dangerous weapon (as defined in 18 Pa.C.S. § 913), or

(iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

- 11 -

204 Pa. Code § 303.10. The deadly weapon possessed enhancement applies to non-armed co-conspirators in robberies where one co-conspirator holds a weapon and another co-conspirator removes items from the victim. **Commonwealth v. Phillips**, 946 A.2d 103 (Pa.Super.2008).[8] The deadly weapon used enhancement applies, however, where a defendant possesses a knife in plain view during the course of a robbery, regardless whether the defendant actively waved the weapon about, used it to injure, or used it as an explicit threat to injure. **See Commonwealth v. Chapman**, 528 A.2d 990 (Pa.Super.1987) (deadly weapon used enhancement properly applied where defendant held a straight razor during robbery, despite claiming he never employed it as an explicit threat).

Here, Appellant did not merely possess the knife. It was not simply on his person, within his immediate physical control, or in a position where he could have gained control of it at any moment. Appellant held the knife out in his hand in plain view. Further, Appellant was perpetrating a robbery. He had the knife in his hand when he went behind the counter and instructed the clerk to open the register and hand over the money. The clerk understood that, if he defied Appellant and/or his co-defendant, he could be

---

[8] The possession enhancement applies to the non-armed co-conspirators in such situations because they are "in the immediate vicinity of his co-conspirator when the [weapon] was used to threaten the victim. [The non-armed co-conspirator] had knowledge of the existence of the weapon, and he could have easily been given or taken the [weapon] at any moment during the robbery." **Phillips**, 946 A.2d at 114 (citations omitted).

hurt. The trial court did not abuse its discretion in determining that Appellant employed this knife in a way that threatened another individual. Accordingly, the trial court properly applied the deadly weapon used enhancement and not the deadly weapon possessed enhancement.[9]

Appellant next contends the trial court erred in employing an Offense Gravity Score to his conspiracy conviction based on his conviction for robbery (threatens serious bodily injury), a felony of the first degree, as

_____

[9] We note that this Court recently explained that the imposition of the deadly weapon sentencing enhancement does not implicate the Supreme Court of the United States' holdings in **Alleyne v. United States**, __ U.S. __, 133 S.Ct. 2151 (2013), or **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348 (2000). As this Court explained:

> In both [**Alleyne** and **Apprendi**], the Supreme Court determined that certain sentencing factors were considered elements of the underlying crime, and thus, to comply with the dictates of the Sixth Amendment, must be submitted to the jury and proven beyond a reasonable doubt instead being determined by the sentencing judge. However, this inquiry is not relevant to our case because of the nature of the DWE.
>
> > **Alleyne** and **Apprendi** dealt with factors that either increased the mandatory minimum sentence or increased the prescribed sentencing range beyond the statutory maximum, respectively. Our case does not involve either situation; instead, we are dealing with a sentencing enhancement. If the enhancement applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to sentence outside the guideline range. Therefore, neither of the situations addressed in **Alleyne** and **Apprendi** are implicated.

**Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa.Super.2014), *appeal denied*, 104 A.3d 1 (Pa.2014).

- 13 -

opposed to the conviction for robbery (takes property by force), a felony of the third degree, because the Commonwealth did not produce evidence of any specific agreement between the co-conspirators. **See** Appellant's Brief, p. 20. This argument lacks merit.

"Inchoate crimes like conspiracy have the same maximum sentences as the underlying crimes to which they relate." **Commonwealth v. Hoke**, 962 A.2d 664 (Pa.2009). Further, the Crimes Code provides that, where a conspiracy charge relates to multiple crimes, the conspiracy charge receives "the same grade and degree as the most serious offense which is . . . an object of the conspiracy." 18 Pa.C.S. § 905(a).

Here, the Crimes Code grades robbery (threatens serious bodily injury) as a felony of the first degree. 18 Pa.C.S. § 3701(b)(1). The Crimes Code grades robbery (takes property by force) as a felony of the third degree. **Id.** The Criminal Information in this case properly related Appellant's conspiracy charge to both robbery charges, and accordingly properly graded the conspiracy charge as a felony of the first degree. Accordingly, the trial court did not abuse its discretion in employing the Offense Gravity Score for robbery (threatens serious bodily injury) as a felony of the first degree to sentence Appellant once he was convicted of conspiracy relating to both robbery charges (and convictions).

For the preceding reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/2015