J-S69022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISHAQ IBRAHIM | : | |
| | : | |
| Appellant | : | No. 1674 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 1, 2019,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s):  CP-46-CR-0005642-2013.

BEFORE:   SHOGAN, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    Filed: March 20, 2020

Ishaq Ibrahim appeals from the judgment of sentence imposed following

his resentence hearing on four counts of robbery[1] and two counts of criminal

conspiracy.[2]  Specifically, Ibrahim challenges the discretionary aspects of his

sentence.  Upon review, we affirm.

Briefly, the pertinent facts follow.[3]  On June 19, 2013, Ibrahim, along

with two other men, robbed the National Penn Bank in Lower Pottsgrove,

Pennsylvania.  Ibrahim and one of the other men entered the bank brandishing

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii) and 3701(a)(1)(vi).

[2] 18 Pa.C.S.A. 903(a)(1).

[3] *Commonwealth v. Ibrahim*, 1150 EDA 2015, unpublished memorandum
at 1 (January 25, 2107).

weapons, which appeared to be revolvers. During the robbery, Ibrahim's accomplice stood in the lobby and pointed his weapon at one of the tellers, Jean Gresko. Meanwhile, Ibrahim pointed his weapon at a different teller behind the counter, Ashley McHone. Ibrahim then jumped over the counter, ordered McHone to open the drawers, placed the weapon against her side, took the money from the drawers, and placed it in a bag. As the two were leaving, a customer, Charles Fulmer, entered the bank carrying two bags of coins. Ibrahim's accomplice pointed his weapon at Fulmer and ordered him to get on the ground. Ibrahim and his accomplice each grabbed a bag of Fulmer's coins and left the bank. The robbers drove away from the scene. The police were notified.

Shortly after the robbery, the police caught up with the robbers and a chase ensued. Ibrahim, his accomplice at the bank, and another individual were apprehended. The clothes worn by the robbers, the money, and bags of coins were recovered. The next day, a semi-automatic pistol was found near the location where Ibrahim and his accomplices were arrested. Some months later, a revolver was found near the site of their arrest.

Following a bench trial, the court found Ibrahim guiltiy of four counts of robbery and two counts of conspiracy. Ibrahim was sentenced to an aggregate sentence of 14 to 28 years of incarceration. Notably, his sentence included the application of the deadly weapon used enhancement.

Ibrahim appealed his sentence to this Court. We affirmed the trial court's judgment of sentence; however, with respect to his issue regarding

the application of the deadly weapon enhancement, we found waiver.  The Pennsylvania Supreme Court denied his petition for an allowance of appeal.

Thereafter, Ibrahim filed a *pro se* PCRA petition.  Appointed counsel then filed an amended PCRA petition, requesting a resentence hearing.  The Commonwealth agreed, and the trial court granted Ibrahim's requested relief.

On May 1, 2019, the trial court held a resentence hearing and imposed the same aggregate sentence of 14 to 28 years of incarceration as previously imposed, except the trial court reduced the number of counts for which it imposed costs of prosecution.  Again, the trial court applied the deadly weapon used enhancement.  Ibrahim filed a post-sentence motion for reconsideration, which was denied.

Ibrahim timely appealed.  Both Ibrahim and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Ibrahim's issues on appeal are summarized as follows:

1. Whether the trial court erred in applying the deadly weapon used enhancement to calculate Ibrahim's sentence where there was insufficient evidence to establish that Ibrahim used a weapon during the robbery.

2. Whether the trial court erred by failing to adequately consider all of the mitigating evidence presented by Ibrahim when the trial court resentenced him.

*See* Ibrahim's Brief, at 4.

Ibrahim's appeal implicates the discretionary aspects of his sentence.  Such a challenge is not appealable as of right.  Rather, an appellant must petition for allowance of appeal.  42 Pa.C.S.A. § 9781.  This Court has

explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Colon**, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting **Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Ibrahim filed a post-sentence motion for reconsideration of his resentence, followed by a timely notice of appeal. However, as observed by the Commonwealth, Ibrahim did not include a compliant Pa.R.A.P. 2119(f) statement in his brief. Specifically, he did not include a separate enumerated section setting forth his reasons for challenging the discretionary aspects of his sentence. **See** Commonwealth's Brief at 7-8. Instead, he merely lumped together his reasons in a single sentence and then recited legal principles regarding challenges to the discretionary aspects of an appellant's sentence. Notwithstanding this, because the reasons for Ibrahim's challenge are readily ascertainable, we decline to find waiver. Accordingly, we now must determine whether Ibrahim has raised a substantial question for our review.

Ibrahim first challenges his sentence on the basis that the trial court erred in applying the deadly weapon used enhancement. On several

occasions, we have found application of the deadly weapon enhancement presents a substantial question. **See e.g. Commonwealth v. Rhodes**, 8 A.3d 912 (Pa. Super. 2010); **Commonwealth v. Kneller**, 999 A.2d 608, 613 (Pa. Super. 2010). Therefore, we will address the merits of this claim.

Specifically, Ibrahim argues that the evidence was insufficient to establish that he actually used a real gun during the robbery. Instead, he claims that it was only a toy gun, and was grey, not black like the ones found by the police. Ibrahim suggests the court acknowledged, during trial, that it was only a toy gun. Therefore, according to Ibrahim, the trial court improperly applied the deadly weapon enhancement. Ibrahim's Brief at 12, 14.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely to be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Shull**, 148 A.3d 820, 832 (Pa. Super. 2016).

The deadly weapon enhancement applies when a defendant uses a deadly weapon during the commission of the offense. 204 Pa. Code § 303.10(a)(2). In pertinent part, a defendant uses a deadly weapon if he threatens or injures another person with "[a]ny firearm (as defined in 42 Pa. C.S. § 9712) whether loaded or unloaded." 204 Pa. Code § 303.10(a)(2)(i). The burden of proof in determining whether the deadly weapon enhancement

applies is a preponderance of the evidence. **Commonwealth v. Ellis**, 700 A.2d 948, 959 (Pa. Super. 1997). Circumstantial evidence may prove the possession of a deadly weapon. **Commonwealth v. McKeithan**, 504 A.2d 294 (Pa. Super. 1986) (finding that although weapon employed by defendant in committing aggravated assault was not found or seen, it will not prevent application of deadly weapon enhancement to sentence). Here, as explained by the trial court, there was sufficient evidence to conclude by a preponderance of the evidence that Ibrahim used a deadly weapon during the robbery. Trial Court Opinion, 7/3/19, at 9.

At trial, McHone, who was familiar with guns, testified repeatedly that Ibrahim had a gun and that he shoved it into her side. Gresko also testified that Ibrahim used a gun when he threatened McHone. The videos presented at trial showed Ibrahim brandishing a gun throughout the robbery. Gresko and Fulmer also testified that Ibrahim's accomplice threatened them with a gun, which was corroborated by the video evidence.

Officers testified about the two guns recovered near where Ibrahim was arrested. McHone testified that the one gun was like the one Ibrahim used to threaten her. The other gun had a full magazine. Detective Kienle testified that he saw Ibrahim and his accomplice using guns in the videos and photographs. He testified further that the guns recovered were the guns in the photos.

Finally, the accomplice who was in the bank with Ibrahim, testified that he used a gun during the robbery.

Considering this evidence, the trial court did not err in concluding that the Commonwealth proved by a preponderance of the evidence that Ibrahim used a deadly weapon during the robbery. Therefore, the trial court did not abuse its discretion or commit an error of law when it applied the deadly weapon used enhancement to Ibrahim's sentence. Ibrahim's first issue entitles him to no relief.

Ibrahim next challenges his sentence on the basis that the trial court erred in failing to adequately consider various mitigating factors. In particular, Ibrahim claims that the trial court did not consider his diagnosis and family history of schizophrenia, his rehabilitation while serving six years of his original sentence, and his remorse and acceptance of responsibility. Ibrahim's Brief, at 4, 9.

An allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. *Commonwealth. v. Moury*, 992 A.2d 162, 175 (Pa. Super. 2010); *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003); accord *Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question). That the court refused to weigh the proposed mitigating factors as Ibrahim wished, absent more, does not raise a substantial question. *See McNabb*, *supra*. Since this is all Ibrahim claims, it does not warrant our consideration.

Even if we were to consider the merits of this claim, we would conclude that the trial court did not abuse its discretion in sentencing Ibrahim. In rendering Ibrahim's sentence, the trial court thoroughly and thoughtfully considered all relevant factors of this case. The trial court considered Ibrahim's presentence report, his rehabilitative efforts, Ibrahim's allocution, the letter Ibrahim wrote to the court, his educational achievements, and the changes he has made as an individual during his incarceration. At the same time, the trial court also considered the impact that Ibrahim's behavior had on the victims of the robbery and that of the general public. The court acknowledged that Ibrahim's continued improvement could lead to a reduced maximum term and could reflect positively when considered for parole. Therefore, we would have found that the trial court did not abuse its discretion in determining Ibrahim's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2020