NOT DESIGNATED FOR PUBLICATION

No. 120,335

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CURTIS S. BANKS,
*Appellant*,

v.

SPIRIT AEROSYSTEMS INC. and INS. CO. OF STATE OF PENNSYLVANIA,
*Appellees*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed February 14, 2020. Affirmed.

*Roger A. Riedmiller*, of Riedmiller, Andersen & Scott, LLC, of Wichita, for appellant.

*Kirby A. Vernon*, of Law Office of Kirby A. Vernon, L.L.C., of Wichita, for appellees.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

ATCHESON, J.: An administrative law judge and the Workers Compensation Board denied benefits to Curtis S. Banks because he could not establish that his work at Spirit Aerosystems Inc. was the prevailing factor in causing the physical problems he experienced in both shoulders. In this appeal, Banks asks us to find the term "prevailing factor" as defined and used in the Workers Compensation Act, K.S.A. 44-501 et seq., to be unconstitutionally vague and, thus, void. Since the Act entails economic or business regulation, the void-for-vagueness doctrine does not apply. The definition of "prevailing factor," although sometimes difficult to apply to particular facts and possibly ambiguous, does not run afoul of due process protections for being impermissibly vague. We, therefore, reject Banks' challenge and affirm the Board's denial of benefits.

1

Banks began working at Spirit in mid-2012 as a sheet metal mechanic, a skilled job that required him to move his arms in a repetitive pattern throughout the workday. Before starting at Spirit, Banks worked for a number of companies doing jobs involving the repetitive use of his arms and shoulders. Banks filed a workers compensation claim in January 2014 for a repetitive trauma injury to his right shoulder. He filed a like claim for his left shoulder in May 2016. The claims were consolidated for disposition through the administrative hearing process. An administrative law judge denied Banks benefits because the evidence did not show his work at Spirit was the prevailing factor in causing his shoulder problems. The Board affirmed that decision.

Banks raised his void for vagueness argument at the administrative level, and the Board acknowledged but declined to address the point as a constitutional issue outside its purview. For his sole issue on appeal, Banks presents the argument to us. As the issue has been framed, we see no disputed material facts and tackle a question of law affording us unlimited review. *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011) (when controlling facts undisputed, issue presents question of law).

Under the Act, an employee may receive benefits only if the claimed injury "arises out of" his or her employment. K.S.A. 2018 Supp. 44-508(f)(2). The Act, in turn, circumscribes when repetitive trauma can be considered arising from employment by imposing three necessary conditions for coverage:

> "(i) The employment exposed the worker to an increased risk or hazard which the worker would not have been exposed in normal non-employment life;
> "(ii) the increased risk or hazard to which the employment exposed the worker is *the prevailing factor* in causing the repetitive trauma; and
> "(iii) the repetitive trauma is *the prevailing factor* in causing both the medical condition and resulting disability or impairment." (Emphasis added.) K.S.A. 2018 Supp. 44-508(f)(2)(A).

So coverage pivots, in part, on the causal links between the employee's work conditions and the repetitive trauma and then between the repetitive trauma and the claimed injury. In each step, the causative element must be "the prevailing factor" in bringing about the required result. The Act ascribes a specific meaning to prevailing factor, making it a term of art. In K.S.A. 2018 Supp. 44-508(g), the Act defines a prevailing factor as "the primary factor, in relation to any other factor[,]" taking into account "all relevant evidence" in a given case.

Banks assails the statutory description of a prevailing factor as so vague that it should be judicially declared void and, thus, unenforceable. But Banks' argument rests on a misappropriation of the void-for-vagueness doctrine.

The doctrine sets forth a due process protection grounded in the Fourteenth Amendment to the United States Constitution against the government's impermissible deprivation of a person's liberty or property through a criminal punishment or an extreme civil penalty. Consistent with constitutional due process, the government may not impose a punishment or penalty based on a statute, regulation, or other enactment that fails to provide fair notice of the conduct triggering the deprivation. In other words, a governmental entity must fairly apprise persons of what actions will result in imprisonment (a loss of liberty) or a fine (loss of property, i.e., money), so those persons may conduct themselves in a manner well clear of the prohibited behavior. See *United States v. Batchelder*, 442 U.S. 114, 123, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979) (constitutional due process requires criminal statute provide fair notice of proscribed conduct); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 165, 92 S. Ct. 839, 31 L. Ed. 2d 110 (1972); *State v. Watson*, 273 Kan. 426, 430, 44 P.3d 357 (2002) ("'[A]n enactment . . . [must] give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.'") (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S. Ct. 2294, 33 L. Ed. 2d 222 [1972]). Likewise, a criminal statute must be sufficiently definite that government agents may apply it without engaging in broad guesswork or arbitrary enforcement. *Smith v. Goguen*, 415 U.S. 566,

3

572-73, 94 S. Ct. 1242, 39 L. Ed. 2d 605 (1974) (constitutional due process "requires legislatures to set reasonably clear guidelines for law enforcement officials"). The void-for-vagueness doctrine also may be applied to extreme civil penalties. See *Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. 1204, 1212-13, 200 L. Ed. 2d 549 (2018) (deportation, though imposed through civil proceedings, sufficiently grievous that void-for-vagueness doctrine applicable); *Kansas State Board of Healing Arts v. Acker*, 228 Kan. 145, 152, 612 P.2d 610 (1980) (court uses void for vagueness test to uphold criteria for suspending medical license as giving fair notice); but see *In re Comfort*, 284 Kan. 183, 199, 159 P.3d 1011 (2007) (applying relaxed vagueness standard for business regulation in lawyer disciplinary proceeding resulting in public censure).

Courts may be particularly solicitous of vagueness challenges to criminal statutes that conceivably could, absent specific judicial construction, apply to constitutionally protected speech or conduct. Without a judicial narrowing of the statute, persons in that circumstance could be deterred from engaging in activity otherwise protected under the First Amendment to the United States Constitution. See *Grayned*, 408 U.S. at 109; *State v. Price*, No. 119,411, 2019 WL 3367891, at *7 (Kan. App. 2019) (unpublished opinion).

But Banks' workers compensation case is, rather obviously, unlike those in which the void-for-vagueness doctrine applies. Economic or business regulation has not been subject to the same sort of exacting judicial review. *Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 498, 102 S. Ct. 1186, 71 L. Ed. 2d 362 (1982) ("economic regulation is subject to a less strict vagueness test"); *Boatright v. Kansas Racing Comm'n*, 251 Kan. 240, 243, 834 P.2d 368 (1992) (noting differing standards for business regulation and criminal statutes); *Kaufman v. Kansas Dept. of SRS*, 248 Kan. 951, Syl. ¶ 2, 811 P.2d 876 (1991); *Guardian Title Co. v. Bell*, 248 Kan. 146, 150, 805 P.2d 33 (1991). Even the cases dealing with economic regulation, for the most part, can be distinguished from a denial of workers compensation benefits. The challenged statutes typically proscribe certain business practices and impose some sort of civil penalty for noncompliance. For example, in *Hoffman Estates*, the municipality required businesses

selling merchandise associated with marijuana use, such as rolling papers and roach clips, to obtain licenses, to display some items in particular ways, to record certain sales, and to refrain from selling to minors. Violations were subject to civil fines of $10 to $500. Similarly, the challenged statutes in *Guardian Title* regulated particular anticompetitive practices by title insurance companies and permitted administrative penalties for violations.

The Workers Compensation Act is of an entirely different tenor. First, of course, nothing about the Act impinges on Banks' rights protected in the First Amendment. The Act doesn't purport to proscribe any specific conduct by employees or employers. Rather, the Act extends relief to workers suffering certain types of on-the-job injuries. More particularly here, the prevailing factor standard neither proscribes precise ways Banks should perform his duties as a sheet metal mechanic nor imposes a specified civil penalty or deprivation of an existing property right on him for doing so. And the statutory definition of prevailing factor doesn't especially encourage or permit arbitrary enforcement of the Act. Given that, we fail to see why the void-for-vagueness doctrine comes into play here. Our conclusion effectively undoes Banks' argument for upsetting the Board's determination.

As Banks has suggested, applying the prevailing factor standard isn't necessarily easy. It may be quite challenging in any particular case, depending on the employee's medical and work histories and whether an array of factors might have contributed in greater or lesser degrees to the claimed injury. Likewise, various treating and examining physicians might have markedly different expert opinions about what contributed to the employee's injury. But a governing legal standard in an economic regulation is not unconstitutionally vague simply because some cases present complicated facts or conflicting testimony, making them hard to resolve. That's particularly true given the presumption of constitutionality extended to those kinds of statutes. *KNEA v. State*, 305 Kan. 739, 749-50, 387 P.3d 795 (2017).

Moreover, even if the prevailing factor standard were ambiguous—and it arguably might be in at least one respect—a swath of ambiguity doesn't render economic regulation so vague as to be unenforceable. Under K.S.A. 2018 Supp. 44-508(g), a prevailing factor is the "primary factor" among all of the causal circumstances for a claimed injury. There is an unhelpful circularity in a definition that principally defines the operative term with nothing more than an equivalent or synonymous term. Regardless, the primary factor presumably would be the most important one. See Webster's New World Collegiate Dictionary 1156 (5th ed. 2014) (primary defined as "first in importance; chief; principal; main"). But would it merely have to exceed the individual effect of each of the other factors or would it have to outstrip all of the others collectively?

The appropriate resolution of that type of question is not a judicial finding of unconstitutional vagueness but an interpretation of the statutory language consistent with the discernible legislative intent and, if necessary, recognized canons of construction. As United States Supreme Court Justice John Paul Stevens, then a circuit court judge, explained:  State regulation of commercial activities "inevitably . . . includes areas of ambiguity requiring clarification by judicial construction." *Horvath v. City of Chicago*, 510 F.2d 594, 596 (7th Cir. 1975). The canons reflect a reasoned and widely disseminated body of precepts designed to aid courts in giving clarity to otherwise ambiguous legislative enactments.

In this case, Banks hasn't asked for a judicial construction or clarification of the meaning of primary factor, assuming one were needed. Rather, he wants us to declare K.S.A. 2018 Supp. 44-508(g) so vague that it violates his due process rights. We cannot extend such a remedy to him in this case.

Affirmed.